1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  DONALD P. GAGLIARDI, Bar No. 138979
   dgagliardi@be-law.com
3  INA STANGENES, Bar No. 156559
   istangenes@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone:  (408) 291-6200
6  Facsimile:  (408) 297-6000

ADR

**ORIGINAL
FILED**

NOV 1 4 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

**E-FILING**

7  Attorneys for Defendants
   EXAR CORPORATION, SIPEX CORPORATION,
8  and RALPH SCHMITT

9

10                  UNITED STATES DISTRICT COURT

11                 NORTHERN DISTRICT OF CALIFORNIA

12                       SAN JOSE DIVISION

13

14  CYPRESS SEMICONDUCTOR
    CORPORATION,                          **C07    05778**

15
                            Plaintiff,    Case No.

16                                        **DEFENDANTS' NOTICE OF
                                          REMOVAL OF ACTION**
17          vs.                           **UNDER 28 U.S.C. §1441 (b)**

18  SIPEX CORPORATION, a Delaware
    corporation; EXAR CORPORATION, a
    Delaware corporation; RALPH SCHMITT, an
19  individual; and DOES 1 through 50,

20                          Defendants.

21

22

23

24

25

26

27

28

JF
RS

1    TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2    PLEASE TAKE NOTICE that defendants Sipex Corporation, a Delaware corporation,

3    Exar Corporation, a Delaware corporation, and Ralph Schmitt, an individual (collectively

4    "Defendants") hereby remove to this Court the state court action described below.

5    1.    On October 12, 2007 an action was commenced in the Superior Court of the State

6    of California in and for the City of San Jose and County of Santa Clara, entitled *Cypress*

7    *Semiconductor Corporation v. Sipex Corporation, a Delaware corporation; Exar Corporation, a*

8    *Delaware corporation; Ralph Schmitt, an individual; and DOES 1 through 50*, as case number

9    107CV096311 (the "State Action"). Copies of all process and pleadings served on Defendants in

10   the State Action, including the Summons and Complaint, are submitted with this Notice of

11   Removal as Exhibit "A" hereto. Copies of the Proofs of Service of Summons on all Defendants

12   are attached hereto as Exhibit "B." A true and correct copy of the Defendants' Answer to

13   Complaint filed on November 13, 2007 is attached hereto as Exhibit "C."

14   2.    Defendants expressly reserve their right to raise all defenses and objections to

15   Plaintiff's claims after the action is removed to the above Court. By filing this Notice of

16   Removal, Defendants do not waive any defense that may be available to them.

17   3.    All defendants who have been served with Summons and Complaint join in this

18   Notice of Removal.

19                                        JURISDICTION

20   4.    This action is a civil action of which this Court has original jurisdiction under 28

21   U.S.C. §1331, and is one which may be removed to this Court by Defendants pursuant to the

22   provisions of 28 U.S.C. §1441 (b) in that it arises under 18 U.S.C. § 1030.

23   5.    The United States District Court for the Northern District of California is the

24   District Court for the district that includes the County of Santa Clara, California.

25                                INTRADISTRICT ASSIGNMENT

26   6.    Defendants request that this case be assigned to the San Jose Division because it is

27   removed from the Santa Clara County Superior Court, because it involves parties doing business

28

1    in Santa Clara County, and because the allegedly unlawful conduct occurred in Santa Clara

2    County.

3

4    Dated: November 13, 2007               BERGESON, LLP

5

6                                 By: _____

7                                     Ina Stangenes

8                                 Attorneys for Defendants
                                     EXAR CORPORATION, SIPEX CORPORATION,

9                                 and RALPH SCHMITT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §1441 (b)
CASE NO.

# EXHIBIT A

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

| | FOR COURT USE ONLY |
|---|---|
| | (SOLO PARA USO DE LA CORTE) |

07 OCT 12 PM 12: 29

CLERK
G. Duarte
DEPUTY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SIPEX CORPORATION, a Delaware corporation; EXAR
CORPORATION, a Delaware corporation; RALPH SCHMITT, an
individual; and DOES 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CYPRESS SEMICONDUCTOR CORPORATION

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

---

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SANTA CLARA COUNTY SUPERIOR COURT, Civil Division
191 North First Street
San Jose, CA 95113

CASE NUMBER:
*(Número del Caso):* 07CV096311

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
PAUL, HASTINGS, JANOFSKY & WALKER LLP; BRADFORD K. NEWMAN (SBN 178902); SARJU
NARAN (SBN 215410), Five Palo Alto Square, Sixth Floor, Palo Alto, CA 94306-2155.

| DATE: | OCT 1 2 2007 | Clerk, by | Kiri Torre | G. Duarte | , Deputy |
|---|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

| [SEAL] | 1. ☐ as an individual defendant. |
|---|---|
| | 2. ☐ as the person sued under the fictitious name of *(specify):* |
| | 3. ☐ on behalf of *(specify):* |
| | under: ☐ CCP 416.10 (corporation)  ☐ CCP 416.60 (minor) |
| | ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee) |
| | ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person) |
| | ☐ other *(specify):* |
| | 4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
American LegalNet, Inc. [www.USCourtForms.com]

PAUL, HASTINGS, JANOFSKY & WALKER LLP
BRADFORD K. NEWMAN (SB# 178902)
SARJU A. NARAN (SB# 215410)
SHANNON S. SEVEY (SB# 229319)
Five Palo Alto Square
Sixth Floor
Palo Alto, CA 94306-2155
Telephone: (650) 320-1800
Facsimile: (650) 320-1900

Attorneys for Plaintiff
Cypress Semiconductor Corporation

ENDORSED FILED

07 OCT 12 PM 12: 28

G. Duarte

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SANTA CLARA

CYPRESS SEMICONDUCTOR
CORPORATION,

Plaintiff,

vs.

SIPEX CORPORATION, a Delaware
corporation; EXAR CORPORATION, a
Delaware corporation; RALPH SCHMITT,
an individual; and DOES 1 through 50,

Defendants.

CASE NO. 1 0 7 C V 0 9 6 3 1 1

COMPLAINT FOR MISAPPROPRIATION
OF TRADE SECRETS (INCLUDING
REQUEST FOR INJUNCTIVE RELIEF
AND DAMAGES)

JURY TRIAL DEMANDED

Plaintiff Cypress Semiconductor Corporation ("Cypress") alleges the following against

Defendants Sipex Corporation ("Sipex"), Exar Corporation ("Exar"), Ralph Schmitt ("Schmitt")

and DOES 1 through 50 (collectively, "Defendants"):

## NATURE OF ACTION

1.    This is an action for misappropriation of trade secrets in violation of the

California Uniform Trade Secrets Act, violation of the Computer Fraud and Abuse Act; unfair

competition, tortious interference with contract, interference with actual and prospective

economic advantage, breach of fiduciary duty, breach of the duty of loyalty, inducement of

breach of fiduciary duty, breach of contract, breach of the covenant of good faith and fair

dealing, conversion, and unjust enrichment.

2.      A fundamental premise of the competitive marketplace – especially the marketplace of the Silicon Valley, where innovation, time to market, and advancement of business goals are of the utmost importance, is that companies must compete in a fair and ethical manner, working to develop their own ideas, technologies, and products using their own efforts and employees, rather than misappropriating proprietary and trade secret data of others and raiding another company's workforce.

3.      Through its Chief Executive Officer ("CEO") Defendant Ralph Schmitt, a former high-ranking executive of Cypress, who in his individual capacity, and in conjunction with, on behalf of, and for the benefit of his new employer, Defendant Sipex Corporation (a direct competitor of Cypress that has since merged with and become Defendant Exar Corporation), misappropriated Cypress confidential, proprietary, and trade secret information. Thereafter, through Schmitt and other Sipex employees, Sipex used and, on information and belief, continues to use (as successor entity, Defendant Exar Corporation) such information to unfairly compete with Cypress in the integrated circuits market.

4.      On information and belief, despite having knowledge of Schmitt's misconduct during their merger negotiations, Sipex and Exar did not cause Cypress' confidential, proprietary, and trade secret information to be returned, or otherwise take measures to remedy the harm to Cypress.

5.      The actions of Defendants have and continue to cause Cypress irreparable harm for which monetary damages alone would fail to provide an adequate remedy. The full extent to which Defendants and their agents have accessed, used, shared and disseminated the misappropriated Cypress data remains to be discovered.

6.      In addition to misappropriating Cypress confidential, proprietary, and trade secret information, Cypress is informed and believes that Sipex, Exar, Schmitt, and DOES 1-50 further carried out their campaign to benefit themselves and harm Cypress by unlawfully targeting, soliciting, and hiring a distinct set of key Cypress employees based on the improper use of Cypress' proprietary information. On information and belief, Sipex, Exar, Schmitt, and DOES 1-50 engaged in such unlawful conduct for the express purpose of unfairly competing with, and

-2-

1  causing irreparable harm to, Cypress.

2        7.    If Defendants are not restrained from accessing, disclosing and/or using Cypress'

3  misappropriated trade secret information, Cypress will continue to suffer irreparable harm, and

4  the stolen information will continue to be used by Defendants to directly and unfairly compete

5  against Cypress.

6               **SUBJECT-MATTER JURISDICTION AND VENUE**

7        8.    This Court has jurisdiction over all causes of action asserted in this Complaint

8  pursuant to California Constitution, Article VI, § 10 and California Code of Civil Procedure

9  § 410.10 by virtue of the fact that this is a civil action wherein the matter in controversy,

10  exclusive of interest, exceeds $25,000, and because this case is a cause not given by statute to

11  other trial courts.

12       9.    Venue is proper in this Court pursuant to California Code of Civil Procedure

13  § 395, because Defendants transact business within the County of Santa Clara, and the unlawful

14  conduct alleged herein was carried out, and had effects, in the County of Santa Clara.

15               **PARTIES AND PERSONAL JURISDICTION**

16       10.   Plaintiff Cypress Semiconductor Corporation is a California Corporation

17  headquartered in Santa Clara County.

18       11.   On information and belief, Defendant Sipex Corporation was a Delaware

19  Corporation headquartered in Santa Clara County.

20       12.   On information and belief, Defendant Exar Corporation is a Delaware

21  Corporation headquartered in Alameda County.

22       13.   Defendant Ralph Schmitt was a former employee of Cypress who carried out the

23  acts complained of in Santa Clara County.

24       14.   Cypress is ignorant of the true names and capacities of the other defendants sued

25  herein as DOES 1 through 50, and for that reason has sued them by their fictitious names.  On

26  information and belief, Cypress alleges that each of these fictitiously named defendants is

27  responsible in some manner for some or all of the acts alleged herein, and that the irreparable

28  harm and damage that Cypress has suffered as herein alleged were proximately caused by such

-3-

1  defendants. Cypress will amend this Complaint to set forth the true names and capacities of the

2  fictitiously-named defendants once Cypress ascertains that information.

3      15.  Each of the Defendants, including DOES 1 through 50, have willfully aided and

4  abetted each of the other Defendants in the wrongful concerted action described herein, or acted

5  with or in furtherance of that action, or assisted in carrying out its purposes alleged in this

6  Complaint.

7      16.  Defendants, and each of them, are individually sued as participants and aiders

8  and abettors in the wrongful conduct complained of herein, and the liability of each arises from

9  the fact that each has engaged in all or part of the improper acts, plans, schemes, conspiracies, or

10  transactions complained of herein.

11  **FACTUAL ALLEGATIONS**

12  **Cypress And Exar (Formerly Sipex) Are Competitors In The Semiconductor Manufacturing Market**

13

14      17.  Cypress is one of the Silicon Valley's leading designers, developers, and

15  manufacturers of high-performance integrated circuits for use in a broad range of markets and

16  systems, including computers, telecommunications, instrumentation, networking and consumer

17  systems. Cypress prides itself on bringing high quality products to market quickly and in a cost-

18  effective manner, in order to provide its customers with virtually all of the silicon components

19  needed to build products and systems that perform to the customers' specifications.

20      18.  Defendant Sipex Corporation was, and its successor entity Defendant Exar

21  Corporation is, also a semiconductor company that designs, manufactures, and markets analog

22  integrated circuits for original equipment manufacturers. At all times relevant to this action,

23  Sipex and Exar have competed with Cypress in the integrated circuit market.

24  **Cypress Diligently Protects Its Confidential, Proprietary, And Trade Secret Information**

25      19.  As part of its efforts to develop, manufacture, and provide its customers with

26  high-performance integrated circuits, Cypress develops and maintains significant amounts of

27  highly confidential and proprietary information, including without limitation, information

28  relating to actual and potential "deals" with Cypress' customers, internal departmental review

-4-

CYPRESS' COMPLAINT FOR THEFT OF TRADE SECRETS/INJUNCTIVE RELIEF AGAINST SIPEX
CORPORATION, EXAR CORPORATION, RALPH SCHMITT, AND DOES 1-50

1   information, internal marketing, sales, and business development documentation, internal

2   strategic business plans, distribution plans and strategies, competitive industry analyses, and

3   other confidential, proprietary, and trade secret information. Preservation of the confidentiality

4   of this information is vital to Cypress' business because it is engaged in a highly competitive

5   industry, and Cypress has expended significant resources, time, and effort creating, developing,

6   protecting, and maintaining its confidential, proprietary, and trade secret information.

7       20.    As part of its efforts to protect its confidential, proprietary, and trade secret

8   information, including the information described above, Cypress requires all of its employees,

9   including former Cypress employee Defendant Schmitt, to agree to certain confidentiality

10  obligations in connection with their employment at Cypress. In particular, Schmitt executed

11  Cypress' standard Patent And Confidentiality Agreement, through which he agreed, *inter alia*,

12  not to retain, disclose, or use any Cypress confidential, proprietary, and/or trade secret

13  information upon the conclusion of his employment with Cypress, including proprietary

14  information relating to the skills, abilities, and compensation of Cypress employees.

15  **Upon Ending His Employment With Cypress, Sipex CEO (and now Exar CEO) Schmitt**
    **Secretly and Without Permission Takes Several Files Containing Cypress' Confidential,**

16  **Proprietary, And Trade Secret Information**

17      21.    Prior to his current employment with Exar as its Chief Executive Officer,

18  President, and Board Director, Ralph Schmitt was employed by Cypress for approximately

19  fifteen years as a high-level executive. In his position as the Executive Vice President of Sales

20  and Marketing of Cypress, Schmitt occupied a position of trust and owed Cypress a fiduciary

21  duty. He led and was responsible for the development and operation of Cypress' sales and

22  marketing department, and consequently was exposed to a significant amount of Cypress'

23  confidential, proprietary, and trade secret information, including, but not limited to, information

24  relating to Cypress' customers, revenue data, business, internal marketing, sales, and business

25  development documentation.

26      22.    On or about June 24, 2005, Schmitt resigned his 15-year employment with

27  Cypress to join Sipex Corporation as its Chief Executive Officer.

28      23.    Prior to resigning, Schmitt surreptitiously and without permission self-selected

-5-

1    certain Cypress confidential, proprietary, and trade secret data, and caused that data to be

2    transferred to him at Sipex. On information and belief, Schmitt ported that Cypress data to

3    Sipex for the express purpose of using it in connection with his job duties as Sipex's CEO. On

4    information and belief, Schmitt also acquired additional confidential, proprietary, and trade

5    secret information of Cypress following the termination of his employment with Cypress.

6        24.    Cypress is informed and believes that the confidential, proprietary, and trade

7    secret information Schmitt took from Cypress, stored at Sipex and Exar, and used at Sipex and

8    Exar in connection with serving as Sipex's and Exar's Chief Executive Officer, includes but is

9    not limited to: (1) non-public and commercially valuable data identifying Cypress's most valued

10   customers and the business Cypress does with these customers; (2) internal departmental

11   reviews for Cypress' marketing and sales departments dating back several years, including

12   weekly shipping and revenue information; (3) spreadsheets containing proprietary formulas,

13   formats and specific Cypress data; (4) Cypress' business development operations department's

14   reviews and documentation, containing similar confidential Cypress information;

15   (5) confidential Cypress employee data; and (6) confidential Cypress PowerPoint presentations.

16       25.    Upon joining Sipex as its CEO, Cypress is informed and believes that Schmitt

17   used and continues to use a substantial amount of Cypress data for the benefit of Sipex and Exar.

18   Such use has included modeling Sipex materials after Cypress proprietary and trade secret

19   materials, instructing other Sipex personnel, both verbally and in writing, to use Cypress

20   proprietary and trade secret methods and procedures in place of those of Sipex because Schmitt

21   understands that Cypress' methods and procedures are better, and re-labeling Cypress branded

22   materials by covering Cypress' name with Sipex's name, so that the materials appeared to

23   belong to, and appeared to have been created by, Sipex.

24       26.    On information and belief, Schmitt engaged in such surreptitious theft for the

25   direct benefit of himself, Sipex, and Exar. On information and belief, and either

26   contemporaneously with and/or after Schmitt's theft, Sipex and Exar knew about, directed,

27   encouraged, promoted, consented to, ratified, and assisted – or knew or should have known and

28   failed to take reasonable measures to prevent – Schmitt's activities. Moreover, on information

-6-

1   and belief, once Schmitt was employed by Sipex, Sipex and Exar directed, encouraged and

2   assisted – or failed to take reasonable measures to prevent – Schmitt's use of Cypress' stolen

3   confidential, proprietary, and trade secret information for the benefit of Sipex and Exar and to

4   harm Cypress.

5   **After Sipex Hires Schmitt, It Forms And Carries Out A Plan To Unlawfully Solicit Cypress**
    **Employees**

6

7        27.    On information and belief, and based on facts known to date, Sipex, Exar,

8   Schmitt, and DOES 1-50 hatched a plan to raid Cypress' workforce and hire particular Cypress

9   employees based on the use of confidential, proprietary, and trade secret information regarding

10  the skills, abilities, and compensation of Cypress employees that Schmitt and others obtained by

11  virtue of their prior employment with Cypress.

12       28.    On information and belief, Sipex, Schmitt, and DOES 1-50 actively carried out

13  this plan by unlawfully soliciting and hiring targeted Cypress employees who Sipex identified

14  through Schmitt's and/or other former Cypress employees' knowledge of Cypress' confidential,

15  proprietary, and trade secret employee information.

16       29.    Cypress is informed and believes and thereupon alleges that Sipex, and later

17  Exar, through Schmitt and other Sipex executives, took effective measures to conceal their

18  unlawful employee raiding, including instructing the Cypress employees to send their resumes to

19  Sipex so that Sipex could secretly post the resumes on Monster.com and/or similar websites.

20  Sipex and Exar engaged in these measures so that, if the actions of Sipex's executives were

21  discovered, they could falsely claim that the raided employees were actively looking for jobs

22  elsewhere and that Sipex just happened to find their resumes "online" – rather than being forced

23  to acknowledge that Sipex's senior-most management was illegally targeting and raiding

24  specific Cypress employees.

25       30.    The employees whom Sipex, Schmitt, and DOES 1-50 unlawfully solicited each

26  had virtually unfettered access to (and had a contractual and fiduciary duty to protect and not

27  misuse or disclose) Cypress' confidential, proprietary, and trade secret information, including

28  the information described above. Cypress is informed and believes, and thereupon alleges, that

1  at least one, and likely more, of the employees Sipex hired stole Cypress confidential,

2  proprietary, and trade secret data and uploaded such data to Sipex's (now Exar's) computer

3  systems.

4       **Sipex And Exar Have Hired The Exact Employees Needed To**
**Gain Access To Cypress' Trade Secrets, Technology, And Development, And To Unfairly**

5       **Compete Against Cypress**

6       31.    In raiding specific individuals out of the thousands of employees Cypress

7  employs, on information and belief, Sipex targeted the exact employees necessary to obtain

8  additional detailed and comprehensive proprietary information regarding Cypress' customers,

9  strategic plans and partnerships, distribution plans and strategies, and other proprietary policies

10  and procedures relating to Cypress, and Cypress' confidential, proprietary, and trade secret

11  information relating to the skills and compensation of its employees.

12       32.    Collectively, the employees that Sipex, Schmitt, and DOES 1-50 unlawfully and

13  unfairly solicited are in possession of, and have detailed knowledge of, a substantial amount of

14  Cypress' confidential, proprietary, and trade secret information, which, if known to Sipex or

15  Exar, would enable Sipex and Exar to unfairly compete against Cypress.

16       33.    On information and belief, each of the above-referenced employees were hired by

17  Sipex for positions substantially similar to their prior positions at Cypress, and which would

18  enable Sipex, and now Exar, to directly compete against Cypress.

19       34.    At no point did Cypress authorize Sipex, Exar, Schmitt, or DOES 1-50 to

20  unlawfully misappropriate confidential Cypress trade secret data or to unlawfully solicit its

21  employees.

22       **Cypress Will Suffer Irreparable Harm if Defendants Are Permitted To Continue Their**
**Misappropriation Of Cypress' Trade Secrets**

23

24       35.    The misappropriation of Cypress' confidential and proprietary information by

25  Sipex, Exar, Schmitt, and DOES 1-50 is irreparably harming Cypress and will continue to

    irreparably harm Cypress unless Sipex, Exar, Schmitt, and DOES 1-50 are enjoined.  Among

26  other harm, Cypress is in danger of having its confidential, proprietary, and trade secret

27  information relating to its customers, strategic plans, and the skills, abilities, and compensation

28

-8-

1    of its employees continue to be misused by a competitor and its CEO, President, and Director,

2    Schmitt, to unfairly compete against Cypress.

3          36.     It is difficult or impossible to place a monetary value on the damage that would

4    be suffered by Cypress if Defendants are permitted to continue retaining, using, and/or

5    disclosing Cypress' confidential, proprietary, and trade secret information. Therefore, injunctive

6    relief is warranted.

7                         **FIRST CLAIM FOR RELIEF**

8      (Misappropriation Of Trade Secrets Against Sipex, Exar, Schmitt, And DOES 1-50)

9          37.     Cypress realleges and incorporates by reference paragraphs 1 through 36 above.

10         38.     Cypress routinely creates, develops, and maintains significant confidential,

11    proprietary, and trade secret information, including the confidential, proprietary, and trade secret

12    information described above. Such information derives independent economic value from not

13    being generally known to the public or to other persons who can obtain economic value from

14    their disclosure or use. Accordingly, the above-described information constitutes "trade

15    secrets," under California's Uniform Trade Secrets Act, Cal. Civ. Code Section 3426 *et seq.*

16         39.     Cypress has made reasonable efforts under the circumstances to preserve the

17    confidentiality of its trade secrets. Such actions include, but are not limited to, requiring all of

18    its employees, including former Cypress employee Schmitt and other former employees

19    subsequently employed by Sipex and Exar, to execute Cypress' Patent And Confidentiality

20    Agreement, whereby Cypress employees agree not to misappropriate confidential, proprietary,

21    and trade secret information.

22         40.     Cypress' current and former employees, including Schmitt, were and are under a

23    duty both to maintain the secrecy and confidentiality of Cypress' proprietary and confidential

24    trade secret information, and not to use or disclose such information other than for the benefit of

25    Cypress and with Cypress' express authorization. On information and belief, Sipex, Exar,

26    Schmitt, and DOES 1-50 were aware of these confidentiality obligations and therefore knew that

27    they acquired Cypress' trade secret information in a manner which gave rise to a breach of the

28    former Cypress employees' duty to maintain the secrecy of such information and limit its use,

1   and/or that they derived such information from or through a person who has such a duty and/or

2   through other improper means. Nevertheless, Sipex, Exar, Schmitt, and DOES 1-50 retained,

3   and on information and belief, used, continue to retain, and continue to use Cypress' trade secret

4   information in unauthorized fashion.

5       41.    Further, on information and belief, Sipex and Exar knew about, encouraged,

6   directed, promoted, and assisted – or should have known about and failed to take reasonable

7   measures to prevent – Schmitt's illegal activities and/or those of other former Cypress

8   employees subsequently employed by Sipex and Exar.

9       42.    Sipex, Exar, Schmitt, and DOES 1-50 have used and/or plan to use this

10  information to benefit themselves and other persons, and to the detriment of Cypress.

11  Furthermore, Sipex, Exar, Schmitt, and DOES 1-50 have used and/or disclosed, and/or intend to

12  use and disclose Cypress' trade secret information without the express or implied consent of

13  Cypress.

14      43.    Sipex, Exar, Schmitt, and DOES 1-50 obtained the proprietary and confidential

15  trade secret information described above from Cypress and not from generally available

16  information or through its own independent research and efforts.

17      44.    The actions of Sipex, Exar, Schmitt, and DOES 1-50 constitute misappropriation

18  of Cypress' trade secrets under Cal. Civ. Code Section 3426 *et seq.*

19      45.    Sipex's, Exar's, Schmitt's, and DOES 1-50's wrongful conduct in

20  misappropriating Cypress' confidential, proprietary, and trade secret information, unless and

21  until enjoined and restrained by order of this Court, will cause great and irreparable harm to

22  Cypress.

23      46.    Cypress has no adequate remedy at law for the injuries currently being suffered,

24  as well as the additional injuries that are threatened, because it would be impossible to quantify

25  in dollars the losses described above when this matter is finally adjudicated. Sipex, Exar,

26  Schmitt, and DOES 1-50 will continue to engage in their wrongful conduct, and Cypress will

27  continue to suffer irreparable injury that cannot be adequately remedied at law, unless

28  Defendants are enjoined from engaging in any further acts of misappropriation.

1    47.    In addition, as a direct and proximate cause of Defendants' misappropriation of

2   Cypress' trade secrets, Defendants have been unjustly enriched in an amount to be ascertained at

3   trial, and Cypress has sustained, and will continue to sustain, actual damages in an amount to be

4   proven at trial. Cypress has also suffered irreparable harm as a result of Defendants' actions.

5    48.    Each of the acts of misappropriation was done willfully and maliciously by

6   Defendants, with the deliberate intent to injure Cypress' business and improve Sipex's and

7   Exar's own business and for financial gain, thereby entitling Cypress to exemplary damages

8   and/or attorneys' fees to be proven at trial pursuant to Cal. Civ. Code Section 3246 *et seq.*

9                    SECOND CLAIM FOR RELIEF

10   (Violation Of Computer Fraud And Abuse Act – 18 U.S.C. §1030 – Against Schmitt)

11    49.    Cypress realleges and incorporates by reference paragraphs 1 through 48 above.

12    50.    Cypress is informed and believes, and thereupon alleges, that in taking the

13   actions complained of above, former Sipex CEO, and current Exar CEO, President, and

14   Director, Schmitt, knowingly and intentionally accessed and/or transmitted and/or caused to be

15   transmitted information from a protected computer without authorization.

16    51.    Schmitt's conduct was done intentionally and caused actual damage to Cypress,

17   thus violating 18 U.S.C. Section 1030.

18    52.    As a direct, proximate and legal cause of the access and transmission that Schmitt

19   engaged in at the direction and/or with the knowledge of Sipex and Exar, Cypress has sustained

20   damages in an amount in excess of Five Thousand Dollars ($5,000), in an amount to be proven

21   at trial.

22    53.    Each of the aforementioned acts was done willfully and maliciously, with the

23   deliberate intent to injure Cypress' business and improve the business of Cypress' direct

24   competitor, Sipex (now Exar), and for financial gain, thereby entitling Cypress to exemplary

25   damages and/or attorneys' fees to be proven at trial.

26

27

28
                                   -11-

### THIRD CLAIM FOR RELIEF

**(Unfair Competition – Cal Bus. & Prof. Code section 17200 *et seq.* – Against Sipex, Exar, Schmitt, And DOES 1-50)**

54.    Cypress realleges and incorporates by reference paragraphs 1 through 53 above.

55.    The aforementioned acts of Sipex and Exar (by and through Schmitt and other Sipex and Exar employees), and the acts of DOES 1-50, constitute fraudulent and unfair business practices in violation of California Business and Professions Code Section 17200 *et seq.*

56.    As a direct and proximate result of Defendants' unfair business practices, Cypress has suffered, and will continue to suffer, losses in an amount in excess of the jurisdictional limits of this Court, and in an amount to be proven at trial.  Pursuant to California Business and Professions Code Sections 17203 and 17204, Cypress is entitled to injunctive relief enjoining Defendants, and individuals and entities acting in concert with any of them, from engaging in further conduct constituting unfair competition, and disgorgement of all profits resulting from the misappropriation.

### FOURTH CLAIM FOR RELIEF

**(Tortious Interference With Contract Against Sipex, Exar, Schmitt, And DOES 1-50)**

57.    Cypress realleges and incorporates by reference paragraphs 1 through 56 above.

58.    Sipex, Schmitt, and DOES 1-50 unlawfully solicited and hired employees of Cypress, in part through the use of Cypress confidential, proprietary, and trade secret information, in direct contravention of the Confidentiality Agreements entered into by Schmitt and other former Cypress employees hired by Sipex, of which, on information and belief, Sipex and Exar were fully aware..

59.    On information and belief, Sipex, Exar, Schmitt, and DOES 1-50 interfered with such agreements knowingly, and with the intent to have current and former Cypress employees (including Schmitt, who secretly and without authorization accessed, retained, and did not return Cypress' confidential, proprietary, and trade secret information) breach their Confidentiality Agreements with Cypress.  These acts have caused and continue to cause Cypress to suffer

-12-

economic damages proximately caused by the intentional interference.

60.    These acts by Sipex, Exar, Schmitt, and DOES 1-50 also have caused and, unless enjoined, will continue to cause, irreparable harm to Cypress, including harm in the form of loss of the secret and competitively sensitive nature of Cypress' confidential, proprietary, and trade secret information, for which Cypress has no adequate remedy at law.

61.    Each of the acts of interference was done willfully and maliciously by Defendants, with the deliberate intent to injure Cypress' business, improve their own business, and for financial gain, thereby entitling Cypress to exemplary damages and/or attorneys' fees to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### (Interference With Actual And Prospective Economic Advantage Against Sipex, Exar, Schmitt, And DOES 1-50)

62.    Cypress realleges and incorporates by reference paragraphs 1 through 61 above.

63.    Cypress had and has valid business relationships and business expectancies with its employees.

64.    Knowing of and about these relationships, Sipex, Exar, Schmitt, and DOES 1-50 intentionally interfered with them, for the improper purpose of, *inter alia*, soliciting employees away from Cypress through unlawful means, diverting these employees' efforts for themselves, using the information stolen by Sipex, Exar, Schmitt, and DOES 1-50, and otherwise interfering with Cypress' economic advantage.

65.    As a result of Defendants' intentional interference with these relationships and business expectancies, Cypress has been damaged in an amount to be proven at trial.

66.    Each of these acts was done willfully and maliciously by Defendants, with the deliberate intent to injure Cypress' business and improve their own business and for financial gain, thereby entitling Cypress to exemplary damages and/or attorneys' fees to be proven at trial.

CYPRESS' COMPLAINT FOR THEFT OF TRADE SECRETS/INJUNCTIVE RELIEF AGAINST SIPEX CORPORATION, EXAR CORPORATION, RALPH SCHMITT, AND DOES 1-50

## SIXTH CLAIM FOR RELIEF

**(Breach Of Fiduciary Duty And Breach Of The Duty Of Loyalty Against Defendant Schmitt and DOES 1-50)**

67.     Cypress realleges and incorporates by reference paragraphs 1 through 66 above.

68.     While in Cypress' employ, and as executives and long-standing and highly-compensated employees of Cypress, Schmitt and DOES 1-50 enjoyed special positions of trust and had, at all times, corresponding duties of good faith and loyalty to Cypress, as well as fiduciary duties to Cypress.

69.     Schmitt and DOES 1-50 violated and continue to violate their fiduciary duties and duties of loyalty to Cypress by acts including, but not limited to, breaching their contractual commitments not to solicit other Cypress employees, and surreptitiously accessing, taking, retaining, and using Cypress' confidential, proprietary, and trade secret information without Cypress' knowledge or consent.

70.     Schmitt's and DOES 1-50's actions are in violation of their duties to Cypress and have caused and will continue to cause damages in an amount excess of the minimum jurisdiction of this Court, in an amount to be proven at trial.  Furthermore, the conduct of Schmitt and DOES 1-50 has caused irreparable harm to Cypress for which there is no adequate monetary compensation.

71.     Cypress is entitled to an award for all of the damages it has suffered as a result of Schmitt's and DOES 1-50's breaches of fiduciary duty and duty of loyalty.

72.     Each of the acts by Schmitt and DOES 1-50 was done willfully and maliciously, with the deliberate intent to injure Cypress' business, and for their own personal and financial gain, thereby entitling Cypress to exemplary damages and/or attorneys' fees to be proven at trial.

## SEVENTH CLAIM FOR RELIEF

**(Inducement Of Breach Of Fiduciary Duty Against Sipex, Exar, Schmitt, And DOES 1-50)**

73.     Cypress realleges and incorporates by reference paragraphs 1 through 72 above.

74.     As described above, Schmitt (formerly a high-level and long-standing executive

-14-

of Cypress) and the other former Cypress employees subsequently employed by Sipex occupied positions of trust and confidence while employed by Cypress. As a consequence, these employees owed fiduciary duties to Cypress which obligated them to place Cypress' interests above their own, and which prohibited them from competing with Cypress through, *inter alia*, the misappropriation and improper access and use of Cypress' confidential, proprietary, and trade secret information, the unlawful solicitation of Cypress employees, the direct and unlawful interference with Cypress' contracts, relationships, and business expectancies for their own and one another's benefit, and unfair competition against Cypress.

75.    Schmitt and those of DOES 1-50 who were formerly employed by Cypress breached their fiduciary duties to Cypress, and they, along with Sipex and Exar, encouraged others to do so, as described above.

76.    On information and belief, Sipex knowingly and intentionally induced Schmitt—and Sipex, Exar, and Schmitt knowingly and intentionally induced those of DOES 1-50 who were formerly employed by Cypress—to breach their fiduciary duties to Cypress, including the breaches alleged herein. Sipex, Exar, Schmitt, and DOES 1-50 induced and/or participated in the wrongful acts alleged above in the furtherance of their own advantage and financial gain, and for the purpose of unlawfully and unfairly competing against Cypress.

77.    As a direct and proximate result of these breaches of fiduciary duties and Defendants' inducement of such breaches, Cypress has been damaged in an amount to be determined at trial.

78.    The aforementioned acts of Defendants were willful, fraudulent and malicious, thereby entitling Cypress to punitive damages, in an amount sufficient to punish Defendants for their willful, fraudulent, and/or malicious conduct.

## EIGHTH CLAIM FOR RELIEF

### (Breach of Written Contract Against Defendant Schmitt)

79.    Cypress realleges and incorporates by reference paragraphs 1 through 78 above.

80.    The Patent And Confidentiality Agreement that Schmitt entered into with Cypress constitutes a valid and binding written contract.

-15-

1      81.    By executing the Patent And Confidentiality Agreement, Schmitt agreed, among

2  other things, to maintain the secrecy of Cypress' confidential and proprietary information, and to

3  return and not retain any Cypress confidential information, documents and property of Cypress

4  upon termination of their employment with Cypress.

5      82.    Cypress has duly performed (or was excused from performing) all acts, conditions,

6  covenants, and promises to be performed on its part as required by the Patent And Confidentiality

7  Agreement.

8      83.    Schmitt deliberately and inexcusably breached his obligations under the Patent

9  And Confidentiality Agreement by misappropriating Cypress' confidential and proprietary trade

10  secrets and valuable information.

11      84.    As a proximate result of the Schmitt's breach of contract, Cypress has suffered,

12  and will continue to suffer, general and special damages in an amount to be proven at trial.

13  Cypress seeks compensation for all damages and losses proximately caused by these breaches.

14      85.    Cypress has no adequate remedy at law for the injuries currently being suffered,

15  and the additional injuries that are threatened, because it would be impossible to quantify in

16  dollars the loss sustained pending final adjudication of this matter.  Injunctive relief is therefore

17  necessary.

18  <u>**NINTH CLAIM FOR RELIEF**</u>

19  **(Breach Of The Covenant Of Good Faith And Fair Dealing Against Defendant Schmitt)**

20      86.    Cypress realleges and incorporates by reference paragraphs 1 through 85 above.

21      87.    Implied in the Patent and Confidentiality Agreement with Schmitt are covenants

22  that he would act in good faith and deal fairly with Cypress, and that he would do nothing to

23  deprive Cypress of the benefit of that Agreement.

24      88.    Schmitt breached the implied covenant of good faith and fair dealing by engaging

25  in the conduct described herein, including, but not limited to: (a) misappropriating Cypress'

26  confidential information; and (b) unfairly competing with Cypress by using and disclosing

27

28

1  Cypress' confidential information, including by soliciting other Cypress employees for

2  employment.

3      89.    Cypress has duly performed all acts, conditions, covenants and promises to be

4  performed on its part as required by the Agreement, except for those, if any, from which it was

5  legally excused, frustrated, waived or excused by Schmitt's prior material breaches.

6      90.    As a direct, proximate and legal cause of Schmitt's breach of the implied covenant

7  of good faith and fair dealing, Cypress has sustained damages in an amount in excess of the

8  minimum jurisdiction of this Court, in an amount to be proven at trial.

9                          **TENTH CLAIM FOR RELIEF**

10                (Conversion Against Sipex, Exar, Schmitt, And DOES 1-50)

11     91.    Cypress incorporates by reference paragraphs 1 through 90 of this Complaint.

12     92.    By engaging in the acts described above, Sipex, Exar, Schmitt, and DOES 1-50

13  have stolen and retained property belonging to Cypress, without permission or authorization, for

14  their personal economic advantage.

15     93.    As a proximate result of Defendants' decision to retain property belonging to

16  Cypress, and to convert it for their own use, benefit and financial gain, Defendants have caused

17  Cypress to suffer damages in an amount to be proven at trial. Defendants' conduct has further

18  caused irreparable harm to Cypress, thereby entitling Cypress to injunctive relief.

19     94.    Each of the acts of conversion was done willfully and maliciously by Defendants,

20  with the deliberate intent to injure Cypress' business, improve their own business, and for

21  financial gain, thereby entitling Cypress to exemplary damages and/or attorneys' fees to be

22  proven at trial.

23                         **ELEVENTH CLAIM FOR RELIEF**

24            (Unjust Enrichment — Against Sipex, Exar, Schmitt, And DOES 1-50)

25     95.    Cypress incorporates by reference paragraphs 1 through 94 of this Complaint.

26     96.    By engaging in the acts described above, Sipex, Exar, Schmitt, and DOES 1-50

27  have and continue to benefit from their wrongdoing, and have been unjustly enriched by reaping

28  the benefits of their unlawful activities to the damage and irreparable harm of Cypress.

CYPRESS' COMPLAINT FOR THEFT OF TRADE SECRETS/INJUNCTIVE RELIEF AGAINST SIPEX
CORPORATION, EXAR CORPORATION, RALPH SCHMITT, AND DOES 1-50

1    97.    The circumstances are such that it would be inequitable for Defendants to retain

2    the benefits received from the actions described without repaying the lost value to Cypress.

3    **PRAYER FOR RELIEF**

4    WHEREFORE, Plaintiff Cypress prays for the following relief:

5    1.    Enter judgment in favor of Cypress and against Defendants on all claims

6    for relief.

7    2.    Order and enjoin Sipex, Exar, Schmitt, DOES 1-50, and all persons or

8    entities acting in concert with them:

9    a.    To identify, under oath, all Cypress data which Sipex, Exar,

10    Schmitt, and/or DOES 1-50, including any former Sipex or current Exar employee formerly

11    employed by Cypress, is currently in possession of and/or that Sipex, Exar, Schmitt, and/or

12    DOES 1-50 have used in any manner;

13    b.    To immediately return to Cypress all data identified in response to

14    subsection (a) above and all Sipex and/or Exar materials (in hard or electronic format) containing

15    any Cypress confidential proprietary or trade secret data;

16    c.    To be enjoined from obtaining, using, accessing, copying, deleting,

17    destroying or disclosing any of Cypress' confidential, proprietary, and/or trade secret information;

18    3.    Order Defendants to account for and pay to Cypress all gains, profits and

19    savings derived from their illegal conduct;

20    4.    Order Defendants to pay to Cypress the damages sustained by Cypress as a

21    result of their unlawful acts;

22    5.    Order Defendants to pay to Cypress punitive and/or treble damages for all

23    claims for relief for which such damages are authorized;

24    6.    Order Defendants to pay to Cypress its attorneys' fees incurred in this

25    action and all other costs of the action;

26    7.    Order prejudgment and post judgment interest at the maximum legal rate,

27    as provided by the laws of California, as applicable, as an element of damages which Cypress has

28    suffered as a result of the wrongful and illegal acts of Defendants;

-18-

1         8.    Order Defendants to pay to Cypress restitution and/or repayment for all

2    claims for relief for which restitution is authorized;

3         9.    Order disgorgement of all improper benefits, profits and/or gains; and

4         10.   Impose a constructive trust over all Sipex and Exar products that constitute

5    or contain Cypress confidential proprietary data and/or trade secrets; and

6         11.   Order such other relief as the Court deems just and equitable.

7

8    DATED: October 12, 2007         PAUL, HASTINGS, JANOFSKY & WALKER LLP
                                                BRADFORD K. NEWMAN
9                         SARJU A. NARAN
                                                SHANNON S. SEVEY
10

11

12                       By:_____
                                                       SARJU A. NARAN

13                     Attorneys for Plaintiff
                                                CYPRESS SEMICONDUCTOR CORPORATION
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
CYPRESS' COMPLAINT FOR THEFT OF TRADE SECRETS/INJUNCTIVE RELIEF AGAINST SIPEX
CORPORATION, EXAR CORPORATION, RALPH SCHMITT, AND DOES 1-50

RECEIVED OCT 1 5 2007

_AWSUIT NOTICE

ATTACHMENT CV-5012

CASE NUMBER:

..tor Court of California, County of Santa Clara

\ N. First St., San Jose, CA 95113

**READ THIS ENTIRE FORM** 1 0 7 CV 0 9 6 3 1 1

_PLAINTIFFS_ (the person(s) suing): Within 60 days after filing the lawsuit, you must serve each defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

> _DEFENDANTS_ (The person(s) being sued): You must do each of the following to protect your rights:
>
> 1. You must file a written response to the *Complaint*, in the Clerk's Office of the Court, within 30 days of the date the *Summons* and *Complaint* were served on you;
> 2. You must send a copy of your written response to the plaintiff; and
> 3. You must attend the first Case Management Conference.
>
> Warning: If you do not do these three things, you may automatically lose this case.

_RULES AND FORMS_: You must follow the California Rules of Court (CRC) and the Santa Clara County Superior Court Local Civil Rules and use proper forms. You can get legal information, view the rules and get forms, free of charge, from the Self-Service Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), or from:

* State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
* Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm
* Rose Printing: 408-293-8177 or becky@rose-printing.com (there is a charge for forms)

For other local legal information, visit the Court's Self-Service website www.scselfservice.org and select "Civil."

_CASE MANAGEMENT CONFERENCE (CMC)_: You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

> You or your attorney must appear at the CMC. You may ask to appear by telephone – see Local Civil Rule 8.

> Your Case Management Judge is: **Neal A. Cabrinha**                     Department: **10**
>
> The 1st CMC is scheduled for: (Completed by Clerk of Court)
>               Date: 03/04/08     Time: 3:45pm     in Department **10**
> The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
>               Date: _____     Time: _____ in Department _____

_ALTERNATIVE DISPUTE RESOLUTION (ADR)_: If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.scsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

_WARNING_: Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET / CIVIL DIVISION

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

*What is ADR?*

ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

*What are the advantages of choosing ADR instead of litigation?*

ADR can have a number of advantages over litigation:

< ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

< ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

< ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

< ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

< ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

*What are the main forms of ADR offered by the Court?*

< Mediation is an informal, confidential process in which a neutral party (the mediator) assists the parties in understanding their own interests, the interests of the other parties, and the practical and legal realities they all face. The mediator then helps the parties to explore options and arrive at a mutually acceptable resolution of the dispute. The mediator does not decide the dispute. The parties do.

< Mediation may be appropriate when:
  < The parties want a non-adversary procedure
  < The parties have a continuing business or personal relationship
  < Communication problems are interfering with a resolution
  < There is an emotional element involved
  < The parties are interested in an injunction, consent decree, or other form of equitable relief

*–over–*

CV-5003 REV 5/06

# EXHIBIT B

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| PAUL, HASTINGS, JANOFSKY & WALKER<br>1117 S. California Avenue<br>PALO ALTO, CA 94304 | | | | |
| Telephone No: (650) 320-1800     FAX No: (650) 320-1900 | | | | |
| Attorney for: | | Ref. No. or File No.: | | FILED |
| Insert name of Court, and Judicial District and Branch Court: | | | | |
| SANTA CLARA COUNTY SUPERIOR COURT | | | | 2007 NOV -5 P 1: 50 |
| Applicant: CYPRESS SEMICONDUCTOR CORP. | | | | |
| SIPEX CORP., ET AL. | | | | |
| **PROOF OF SERVICE**<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>107CV090311 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET

3. *a. Party served:*                RALPH SCHMITT
  *b. Person served:*             RALPH SCHMITT

4. *Address where the party was served:*       4872 KATO ROAD
                                           FREMONT, CA

5. I served the party:
  a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Oct. 15, 2007 (2) at: 12:24PM

6. The "Notice to the Person Served" (on the Summons) was completed as follows:
  a. as an individual defendant

7. *Person Who Served Papers:*                         Recoverable Cost Per CCP 1033.5(a)(4)(B)
  a. BETHUEL BURROLA                d.  *The Fee for Service was:*    $93.50
  **b. SWIFT ATTORNEY SERVICE**     e.  I am: (3) registered California process server
     P.O. BOX 5324                              *(i)*  Owner
     500 ALLERTON STREET, SUITE 105        *(ii)*  Registration No.:    368 SM
     Redwood City, CA  94063              *(iii)*  County:             San Mateo
  c. (650)364-9612, FAX (650)364-3305      *(iv)*  Expiration Date:     Sat, Mar. 01, 2008

8. *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date: Tue, Oct. 23, 2007

Judicial Council Form POS-010
Rule 2.150.(a)&(b) Rev January 1, 2007

**PROOF OF SERVICE**
SUMMONS

(BETHUEL BURROLA)

paul.14512

| | |
|---|---|
| *Attorney or Party without Attorney:*<br>PAUL, HASTINGS, JANOFSKY & WALKER<br>1117 S. California Avenue<br>PALO ALTO, CA 94304<br>*Telephone No:* (650) 320-1800    *FAX No:* (650) 320-1900 | *For Court Use Only*<br><br>UES<br><br>FILED<br><br>2007 NOV -5  P 1: 50 |

*Attorney for:*

| | |
|---|---|
| *Insert name of Court, and Judicial District and Branch Court:*<br>SANTA CLARA COUNTY SUPERIOR COURT | |

*Applicant:* CYPRESS SEMICONDUCTOR CORP.

: SIPEX CORP., ET AL.

| PROOF OF SERVICE<br>SUMMONS | *Hearing Date:* | *Time:* | *Dept/Div:* | *Case Number:*<br>107CV096311 |
|---|---|---|---|---|

1. *At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET

3.  a. *Party served:*                                  EXAR CORPORATION
    b. *Person served:*                             TOM MELENDREZ, CORP. OFFICER

4.  *Address where the party was served:*          48720 KATO ROAD
                                        FREMONT, CA

5.  *I served the party:*
    a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of
        process for the party (1) on: Mon., Oct. 15, 2007 (2) at: 2:30PM

6.  *The "Notice to the Person Served" (on the Summons) was completed as follows:*
    *on behalf of:* EXAR CORPORATION
    Under CCP 416.10 (corporation)

7.  *Person Who Served Papers:*
    a. BETHUEL BURROLA
    b. **SWIFT ATTORNEY SERVICE**
        P.O. BOX 5324
        500 ALLERTON STREET, SUITE 105
        Redwood City, CA 94063
    c. (650)364-9612, FAX (650)364-3305

                             Recoverable Cost Per CCP 1033.5(a)(4)(B)
    d. *The Fee for Service was:*    $38.50
    e. I am: (3) registered California process server
          (i)  Owner
          (ii)  *Registration No.:*      368 SM
          (iii)  *County:*                   San Mateo
          (iv)  *Expiration Date:*      Sat, Mar. 01, 2008

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

    Date:Tue, Oct. 23, 2007

| Attorney or Party without Attorney: | | | | For Court Use Only |
|---|---|---|---|---|
| PAUL, HASTINGS, JANOFSKY & WALKER<br>1117 S. California Avenue<br>PALO ALTO, CA  94304<br>Telephone No: (650) 320-1800    FAX No: (650) 320-1900 | | | Ref. No. or File No.: | FILED<br>UCS<br>2007 NOV -5 P 1: 50 |
| Attorney for: | | | | |
| Insert name of Court, and Judicial District and Branch Court:<br>SANTA CLARA COUNTY SUPERIOR COURT | | | | |
| Applicant: CYPRESS SEMICONDUCTOR CORP.<br>: SIPEX CORP., ET AL. | | | | |
| PROOF OF SERVICE<br>SUMMONS | Hearing Date: | Time: | Dept/Div: | Case Number:<br>107CV096311 |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUMMONS; COMPLAINT; CIVIL LAWSUIT NOTICE; ADR INFORMATION SHEET

3.  *a. Party served:*                    SIPEX CORPORATION
    *b. Person served:*                   TOM MELENDREZ, CORP. OFFICER

4.  *Address where the party was served:*     48720 KATO ROAD
                                              FREMONT, CA

5.  *I served the party:*
    a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Oct. 15, 2007 (2) at: 2:30PM

6.  The "Notice to the Person Served" (on the Summons) was completed as follows:
    *on behalf of:* SIPEX CORPORATION
    Under CCP 416.10 (corporation)

7.  *Person Who Served Papers:*                              Recoverable Cost Per CCP 1033.5(a)(4)(B)
    a. BETHUEL  BURROLA                          d.  *The Fee for Service was:*    $126.00
    **b. SWIFT ATTORNEY SERVICE**                e.  I am: (3) registered California process server
       P.O. BOX 5324                                 *(i)*   Owner
       500 ALLERTON STREET, SUITE 105                *(ii)*  *Registration No.:*    368 SM
       Redwood City, CA  94063                       *(iii)* *County:*             San Mateo
    c. (650)364-9612, FAX (650)364-3305              *(iv)*  *Expiration Date:*    Sat, Mar. 01, 2008

8.  *I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct*

    Date:Tue, Oct. 23, 2007

PROOF OF SERVICE<br>SUMMONS                    (BETHUEL  BURROLA)         *paul.14513*

# EXHIBIT C

(ENDORSED)

**FILED**

NOV 1 3 2007

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY _____ J. Lenzen _____ DEPUTY

1  DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
2  INA STANGENES, Bar No. 156559
   istangenes@be-law.com
3  MICHAEL W. STEBBINS, Bar No. 138326
   mstebbins@be-law.com
4  BERGESON, LLP
   303 Almaden Boulevard, Suite 500
5  San Jose, CA 95110-2712
   Telephone: (408) 291-6200
6  Facsimile: (408) 297-6000

7  Attorneys for Defendants
   EXAR CORPORATION, SIPEX CORPORATION,
8  and RALPH SCHMITT

9

10            SUPERIOR COURT STATE OF CALIFORNIA

11                  COUNTY OF SANTA CLARA

12                  UNLIMITED JURISDICTION

13

14  CYPRESS SEMICONDUCTOR                    Case No. 1-07-CV096311
    CORPORATION,
15                                           **DEFENDANTS' ANSWER TO**
                                Plaintiff,   **COMPLAINT**
16        vs.

17                                           Complaint Filed:    October 12, 2007
    SIPEX CORPORATION, a Delaware            Trial Date Set:     Not yet set
18  corporation; EXAR CORPORATION, a
    Delaware corporation; RALPH SCHMITT, an
19  individual; and DOES 1 through 50,

20                                Defendants.

21

22

23

24

25

26

27

28

1        Defendants Exar Corporation ("Exar"), Sipex Corporation ("Sipex"), and Ralph Schmitt

2   ("Schmitt") (collectively "Defendants") answer plaintiff Cypress Semiconductor Corporation's

3   ("Cypress") Complaint for Misappropriation of Trade Secrets (Including Request for Injunctive

4   Relief and Damages) (the "Complaint") herein as follows:

5                           **GENERAL DENIAL**

6        Pursuant to Code of Civil Procedure § 431.30(d), each of the Defendants denies generally

7   and specifically each and every allegation contained in the Complaint and further deny that

8   Cypress has sustained damages in the amount alleged, or in any amount, or is entitled to any of the

9   relief requested, or to any other relief of any kind or nature, by reason of any act, action, omission

10  or breach of duty on the part of Defendants, or any of them, or on the part of any agents or

11  employees of Defendants or any of them.

12                        **AFFIRMATIVE DEFENSES**

13       Defendants each also assert the following affirmative defenses without assuming the

14  burden of proof for such where the burden is not, by law, upon them.

15                      **FIRST AFFIRMATIVE DEFENSE**
                        (Failure to State a Cause of Action)

16

17       Each and every cause of action of the Complaint fails to allege facts sufficient to state a

18  cause of action against Defendants and each of them.

19                    **SECOND AFFIRMATIVE DEFENSE**
                        (Failure to Mitigate Damages)

20

21       Defendants are informed and believe, and upon such information and belief allege, that if

22  Cypress has sustained, or will sustain, any of the injuries, losses or damages described in its

23  Complaint, which Defendants each denies, then such injuries, losses or damages were caused

24  solely or in part by the failure of Cypress to take reasonable steps available to it to mitigate such

25  damage, and to the extent that any such injuries, losses or damages proven by Cypress were

26  caused by Cypress' own failure to take reasonable steps available to it to mitigate such damages,

27  they shall not be recoverable against the Defendants.

28  ///

1

## THIRD AFFIRMATIVE DEFENSE
(Acquiescence)

2

3      Defendants are informed and believe, and upon such information and belief allege, that the

4  Complaint, and each alleged cause of action therein, is absolutely barred by virtue of Cypress'

5  acquiescence.

6

## FOURTH AFFIRMATIVE DEFENSE
(Waiver)

7

8      Defendants are informed and believe, and upon such information and belief allege, that the

9  Complaint, and each alleged cause of action therein, is absolutely barred by virtue of Cypress'

10  knowing and voluntary waiver of any obligations or liabilities of Defendants and each of them.

11

## FIFTH AFFIRMATIVE DEFENSE
(Good Faith)

12

13      Defendants are informed and believe, and upon such information and belief allege, that the

14  Complaint, and each cause of action contained therein, is barred because Defendants and each of

15  them at all times acted with utmost good faith.

16

## SIXTH AFFIRMATIVE DEFENSE
(Excuse)

17

18      Defendants are informed and believe, and upon such information and belief allege, that any

19  breach by Defendants or any of them, if any there were, is excused.

20

## SEVENTH AFFIRMATIVE DEFENSE
(Estoppel)

21

22      Defendants are informed and believe, and upon such information and belief allege, that the

23  Complaint, and each cause of action contained therein, is barred by the doctrine of estoppel.

24

## EIGHTH AFFIRMATIVE DEFENSE
(Statute of Limitations)

25

26      The Complaint, and each cause of action contained therein, is barred by the applicable

27  statute of limitations including but not limited to California Civil Code §3426.6 and/or California

28  Code of Civil Procedure §§338, 340.

1    **NINTH AFFIRMATIVE DEFENSE**
                    (Justification)
2

3         Defendants were each justified in doing any and/or all of the acts alleged in the Complaint.

4    **TENTH AFFIRMATIVE DEFENSE**
                    (Laches)
5

6         Each and every cause of action alleged in the Complaint is barred by the doctrine of laches.

7    **ELEVENTH AFFIRMATIVE DEFENSE**
                    (Not A Trade Secret)
8

9         Defendants are informed and believe, and upon such information and belief allege, that the

10   information claimed by Cypress to be trade secrets are not trade secrets because the information

11   does not meet the definition of a trade secret in California Civil Code § 3426.1(d).

12   **TWELFTH AFFIRMATIVE DEFENSE**
                    (Consent)
13

14        Defendants are informed and believe, and upon such information and belief allege, that the

15   Complaint, and each cause of action contained therein, is barred by Cypress' consent.

16

17   **THIRTEENTH AFFIRMATIVE DEFENSE**
                    (Unclean Hands)
18

19        Defendants are informed and believe, and upon such information and belief allege, that the

20   Complaint, and each cause of action contained therein, is barred by the doctrine of unclean hands.

21

22

23   Dated: November 13, 2007              BERGESON, LLP

24                                         By: _Ina Stangenes_
                                               Ina Stangenes
25
                                           Attorneys for Defendants
26                                         EXAR CORPORATION, SIPEX CORPORATION,
                                           and RALPH SCHMITT
27

28

                              - 3 -

1   DANIEL J. BERGESON, Bar No. 105439
    dbergeson@be-law.com
2   DONALD P. GAGLIARDI, Bar No. 138979
    dgagliardi@be-law.com
3   INA STANGENES, Bar No. 156559
    istangenes@be-law.com
4   BERGESON, LLP
    303 Almaden Boulevard, Suite 500
5   San Jose, CA 95110-2712
    Telephone: (408) 291-6200
6   Facsimile: (408) 297-6000

7   Attorneys for Defendants
    EXAR CORPORATION, SIPEX CORPORATION,
8   and RALPH SCHMITT

9

10              SUPERIOR COURT STATE OF CALIFORNIA

11                   COUNTY OF SANTA CLARA

12                   UNLIMITED JURISDICTION

13  CYPRESS SEMICONDUCTOR          Case No. 1-07-CV096311
    CORPORATION,
14
                        Plaintiff,   **PROOF OF SERVICE**
15
16         vs.

17  SIPEX CORPORATION, a Delaware
    corporation; EXAR CORPORATION, a
18  Delaware corporation; RALPH SCHMITT, an
    individual; and DOES 1 through 50,
19
                        Defendants.
20
...
28

(ENDORSED) FILED NOV 13 2007 KIRI TORRE, Chief Executive Officer, Superior Court of CA County of Santa Clara BY L. Zenzen DEPUTY

PROOF OF SERVICE

I declare as follows:

I am an employee in Santa Clara County, the county in which the service described below occurs. My business address is 303 Almaden Boulevard, Suite 500, San Jose, California 95110. I am over the age of eighteen (18) years and am not a party to the cause for which I am serving the document(s) named below.

On November 13, 2007, I served the within:

**DEFENDANTS' ANSWER TO COMPLAINT**

on the parties below by placing a true copy thereof in a sealed envelope and served same as follows:

_X_    BY MAIL: I caused such envelope to be deposited in the mail at San Jose, California. I am readily familiar with Bergeson, LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. In the ordinary course of business, correspondence would be deposited with the United States Postal Service on this day. C.C.P. Section 1013(a).

_X_    BY FACSIMILE: I caused said documents to be sent via facsimile to the interested party at the following facsimile listed below. C.C.P. Section 1013.

**ATTORNEYS FOR PLAINTIFF**
**CYPRESS SEMICONDUCTOR**
**CORPORATION**
Bradford K. Newman, Esq.
PAUL, HASTINGS, JANOFSKY
& WALKER, LLP
Five Palo Alto Square, 6th Floor
Palo Alto, CA 94306
Ph:  650.320.1800
Fax: 650.320.1900

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on November 13, 2007, at San Jose, California.

Gail Simmons