1  PAUL, HASTINGS, JANOFSKY & WALKER LLP
   BRADFORD K. NEWMAN (SB# 178902)
2  bradfordnewman@paulhastings.com
   SARJU A. NARAN (SB# 215410)
3  sarjunaran@paulhastings.com
   SHANNON S. SEVEY (SB# 229319)
4  shannonsevey@paulhastings.com
5  1117 S. California Avenue
   Palo Alto, CA 94304-1106
6  Telephone: (650) 320-1800
   Facsimile: (650) 320-1900
7

8  Attorneys for Plaintiff
   CYPRESS SEMICONDUCTOR CORPORATION
9

10 DANIEL J. BERGESON, Bar No. 105439
   dbergeson@be-law.com
11 INA STANGENES, Bar No. 156559
   istangenes@be-law.com
12 BERGESON, LLP
   303 Almaden Boulevard, Suite 500
13 San Jose, CA 95110-271
   Telephone:  (408) 291-6200
14 Facsimile:   (408) 297-6000

15 Attorneys for Defendants
   EXAR CORPORATION and SIPEX CORPORATION
16

17                    UNITED STATES DISTRICT COURT

18                    NORTHERN DISTRICT OF CALIFORNIA

19                           SAN JOSE DIVISION

| | |
|---|---|
| 20  CYPRESS SEMICONDUCTOR CORPORATION, | Case No. C07-05778 JF |
| 21                            Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT** |
| 22        vs. | **[Local Rule 16-9]** |
| 23  SIPEX CORPORATION, a Delaware corporation; EXAR CORPORATION, a Delaware corporation; RALPH SCHMITT, an individual; and DOES 1 through 50, | Judge:  Honorable Jeremy Fogel |
| 26                            Defendants. | Complaint Filed:    October 12, 2007 |

27
28

JOINT CASE MANAGEMENT STATEMENT                                  Case No. C07-05778 JF

# JOINT CASE MANAGEMENT STATEMENT

Pursuant to Fed. R. Civ. Proc. 26(f) and Northern District of California Local Rule 16-9, Plaintiff CYPRESS SEMICONDUCTOR CORPORATION ("Cypress") and Defendants EXAR CORPORATION, SIPEX CORPORATION and RALPH SCHMITT ("Defendants") hereby submit the following Joint Case Management Statement:

**1.    JURISDICTION AND SERVICE:**

   a.  This Court has subject matter and personal jurisdiction over the action and the parties.

   b.  No named parties remain to be served, and all named parties have appeared.

**2.    FACTS:**

   Cypress contends as follows:

On or about June 24, 2005, after 15 years of service with Cypress, Ralph Schmitt resigned from his position as Cypress' Executive Vice President of Sales and Marketing to join Sipex Corporation—a competitor of Cypress in the integrated circuits market—as its Chief Executive Officer.  Before leaving Cypress, and in breach of his fiduciary and contractual duties to Cypress as a high-level executive, Cypress is informed and believes that Schmitt accessed a substantial amount of confidential, proprietary, and trade secret Cypress data and caused it to be transferred to him at Sipex for the purpose of using the data in connection with his new position as CEO of Sipex.  Following the termination of his employment with Cypress, Cypress is informed and believes that Schmitt and Sipex continued to improperly obtain, access and use confidential, proprietary, and trade secret Cypress data from current Cypress employees, without Cypress' authorization or knowledge.

Cypress is informed and believes that the confidential, proprietary, and trade secret information Schmitt took and obtained from Cypress includes, but is not limited to: (1) non-public and commercially valuable data identifying Cypress' most valued customers; (2) internal departmental reviews for Cypress' marketing and sales departments dating back several years, including weekly shipping and revenue information; (3) spreadsheets containing proprietary formulas, formats and specific Cypress data; (4) Cypress' business development operations department's reviews and documentation; (5) confidential Cypress employee data; and (6)

confidential Cypress PowerPoint presentations.

Upon commencing his position as CEO of Sipex, Cypress is informed and believes that Schmitt used the confidential, proprietary, and trade secret information he obtained from Cypress, to unfairly compete. In 2007, prior to the initiation of this lawsuit, Schmitt requested a meeting with Cypress' Chief Executive Officer. During this meeting, among other things, Schmitt admitted he had not behaved properly with respect to Cypress.

In May 2007, Sipex announced that it had entered into a merger agreement with Exar Corporation. Cypress is informed and believes that in connection with the diligence process, Exar knew or should have known that Schmitt and Sipex were in possession of Cypress data and using it for Sipex's benefit, but failed to take measures to remedy the harm caused to Cypress. Specifically, in January 2007, Cypress is informed that another law firm representing Sipex performed an internal investigation that lead to the discovery that Schmitt, and perhaps other Sipex executives, had ported Cypress data and documents into Sipex, and that Schmitt and Sipex remained in possession of such Cypress property. Nevertheless, Schmitt, Sipex and Exar concealed this possession of Cypress' property, and failed to return it to Cypress.

Sipex's merger with Exar became official on August 25, 2007, at which point Cypress is informed and believes that Exar remained in possession of Cypress confidential, proprietary, and trade secret information. To date, Schmitt, Sipex, and Exar have failed to (i) disclose their possession of the Cypress data and documents, (2) identify how the data and documents have been used, and (3) return the Cypress data and documents. Instead, Cypress is informed and believes that certain evidence, including electronic media and hard copy documents, have been destroyed and not preserved.

On December 6, 2007, two months after Cypress filed this action, Schmitt's employment as Exar's Chief Executive Officer ceased.

<u>Defendants contend as follows</u>:

Schmitt became employed as Sipex's CEO in June 2005.

In October 2006, Cypress CEO T.J. Rodgers sent a letter to Ralph Schmitt accusing Sipex of improperly hiring its former employees and misusing Cypress proprietary information. Schmitt

1  responded to Rodgers' letter describing the circumstances of Sipex's hiring of certain former
2  Cypress employees, including the fact that many of the former Cypress employees that Sipex hired
3  had been laid off by Cypress or had already quit their Cypress jobs before Sipex hired them.  In
4  November 2006, T. J. Rodgers sent another letter to Schmitt regarding Sipex's allegedly
5  "unethical hiring practices."  In December 2006, Cypress filed a lawsuit against an ex-Cypress
6  employee hired by Sipex, Daryl Carson, alleging misappropriation of trade secrets.  Sipex and
7  Schmitt were not named as parties to the lawsuit.  However, Cypress did conduct discovery
8  against Sipex.  The lawsuit against Daryl Carson was dismissed with prejudice on May 31, 2007
9  following a settlement.
10     Sipex has not hired any Cypress employees since December 2006.
11     Exar acquired Sipex in August 2007.  Although it was aware of the pending merger
12  between Sipex and Exar since May 2007, at no time prior to the closing of the merger did Cypress
13  put Exar on notice that it had potential claims for misappropriation of trade secrets or improper
14  employee solicitation against Sipex.
15     Exar has not hired any Cypress employees.  Schmitt's employment with Exar terminated in
16  December 2007.
17     Cypress filed the present lawsuit in October, 2007.  This lawsuit is based on the same
18  allegations as those made by Cypress a year earlier and does not point to any new or recent
19  activity on the part of Sipex or Exar.
20     Sipex and Exar have become aware that defendant Schmitt used templates from Cypress
21  documents to create Sipex documents.  Examples of such templates are templates used to create
22  internal correspondence memoranda and power point presentations.  Sipex did not condone or
23  encourage Schmitt's use of such information.  Sipex and Exar deny that such templates constitute
24  "trade secrets" and are not aware of any trade secret information being used by Schmitt or any
25  other ex-Cypress employee on behalf of Sipex or Exar.
26     Sipex and Exar also contend that Cypress does not take reasonable steps to preserve the
27  confidentiality of its information.  Specifically, Cypress employees – including a Section 16
28  officer -- have willingly and openly sent Cypress materials to Sipex employees.  Cypress has

3

allowed its former employees to keep their laptop computers and did not ask these employees to delete any data from the Cypress laptops. Further, Cypress has continued to send to its ex-employees Cypress materials, including materials marked "confidential."

Both Sipex and Exar have repeatedly communicated to Cypress the fact that they do not condone the use of Cypress confidential information, that they are not aware of such use, and their willingness to work with Cypress to ensure that Sipex and Exar are not in possession of Cypress trade secret information. Cypress has been unwilling to cooperate with Sipex and Exar in this regard. Despite repeated requests, Cypress has refused to inform Sipex and Exar of the specific items of information it claims to be its trade secrets and that it contends have migrated to Sipex and now Exar.

<u>Principal Factual Issues in Dispute</u>:

<u>Cypress contends the following factual issues are in dispute</u>:

1. Whether Schmitt retained property belonging to Cypress in connection with his resignation from Cypress.
2. Whether Defendants accessed and/or transmitted Cypress data from a Cypress computer for a purpose outside of the scope of his employment with Cypress.
3. Whether Defendants owed an obligation to Cypress prohibiting solicitation of Cypress employees and if so under what circumstances.
4. Whether Defendants solicited Cypress employees for employment with Sipex and/or Exar in violation of obligations to Cypress.
5. Whether Defendants solicited or hired employees of Cypress through the use of information belonging to Cypress.
6. Whether Defendants took possession of data and documents belonging to Cypress.
7. Whether Defendants used information belonging to Cypress.
8. Whether Defendants concealed their possession of data and/or documents belonging to Cypress.
9. Whether Defendants intentionally interfered with current Cypress employees' employment relationships with Cypress.

10. Whether Defendants induced current or former Cypress employees to breach their fiduciary duties to Cypress.

11. Whether Defendants converted Cypress property to their own use.

12. Whether Defendants have been unjustly enriched.

Defendants contend the following factual issues are in dispute:

1. Whether Defendants took trade secret information belonging to Cypress.

2. Whether Defendants used trade secret information belonging to Cypress on behalf of Sipex.

3. Whether Defendants used trade secret information belonging to Cypress on behalf of Exar.

4. Whether Cypress has made reasonable efforts to preserve the confidentiality of its purported trade secrets.

5. Whether Defendants have engaged in unfair business practices.

6. Whether Defendants unlawfully solicited and hired employees of Cypress.

7. Whether Sipex and/or Exar induced ex-Cypress employees to breach their fiduciary duties to Cypress.

8. Whether Sipex and/or Exar stole and improperly retained property belonging to Cypress.

9. Whether Sipex and Exar converted Cypress property to their own use.

10. Whether Sipex and Exar have been unjustly enriched.

11. Whether Schmitt had an agreement with Cypress prohibiting him from soliciting ex-Cypress employees after the termination of his employment with Cypress.

**3.    LEGAL ISSUES:**

Principal Legal Issues in Dispute:

Cypress contends the following legal issues are in dispute:

a. Whether California Code of Civil Procedure § 2019.210 applies to this federal action based on federal question. See *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 WL 273949 (E.D. Cal. 2007) (recognizing that Federal Rule of Civil Procedure

5

26 controls discovery in federal cases, and that the application of California Code of Civil Procedure § 2019—a state discovery statute—would serve to improperly append an additional discovery requirement to the federal rules).

Defendants contend the following legal issues are in dispute:

a. Whether the asserted trade secrets contained in Cypress' California Code of Civil Procedure section 2019.210 statement are entitled to trade secret protection.

b. Whether the ex-Cypress employees employed by Sipex/Exar owe fiduciary duties to Cypress.

c. Whether the ex-Cypress employees employed by Sipex/Exar owe a duty of loyalty to Cypress.

d. Whether Cypress failed to take reasonable steps to mitigate its damages.

e. Whether Cypress' claims are barred by virtue of Cypress' acquiescence.

f. Whether Cypress' claims are barred by virtue of Cypress' knowing and voluntary waiver of any obligations or liabilities of Defendants.

g. Whether Cypress' claims are barred by virtue of the fact that Sipex/Exar acted with the utmost good faith.

h. Whether Cypress is estopped from bringing the claims alleged in its complaint.

i. Whether Cypress' claims are barred by the applicable statutes of limitations.

j. Whether Defendants were justified in doing any and/or all of the acts alleged in the complaint.

k. Whether Cypress' claims are barred by the doctrine of laches.

l. Whether the claims in Cypress' complaint are barred by virtue of Cypress' consent.

m. Whether Cypress' claims are barred by virtue of Cypress' unclean hands.

**4.   MOTIONS:**

Cypress contends as follows:

Cypress contemplates a motion to determine the applicability of California Code of Civil Procedure section 2019.210 to this action.

Cypress also contemplates filing various discovery motions.

1  Cypress further contemplates filing motions for summary adjudication on its first claim for
2  relief (misappropriation of trade secrets), second claim for relief (violation of the Computer Fraud
3  and Abuse Act), sixth claim for relief (breach of fiduciary duty and duty of loyalty), eighth claim
4  for relief (breach of written contract), ninth claim for relief (breach of covenant of good faith and
5  fair dealing), and tenth claim for relief (conversion).
6  <u>Defendants contend as follows</u>:
7  Defendants contemplate a motion to obtain a more definitive California Code of Civil
8  Procedure section 2019.210 statement.
9  Defendants also contemplate bringing motions for summary adjudication on Cypress' first
10 claim for relief (misappropriation of trade secrets), fourth claim for relief (tortious interference
11 with contract), fifth claim for relief (interference with actual and prospective economic advantage)
12 and seventh claim for relief (inducement of breach of fiduciary duty).
13 **5.    AMENDMENT OF PLEADINGS**
14 Depending on what additional information is uncovered through discovery, Cypress may
15 amend its pleadings.
16 **6.    EVIDENCE PRESERVATION:**
17 The parties have instructed all relevant personnel to retain copies of emails and other
18 documents that are potentially relevant to issues reasonably evident in this action. The Parties
19 have or are in the process of collecting and preserving documents, including electronic documents,
20 that appear to be relevant to the issues reasonably evident to the parties' claims and defenses.
21 **7.    DISCLOSURES:**
22 The parties plan to exchange initial disclosures pursuant to Fed. R. Civ. Proc. 26 and the
23 Court's Scheduling Order on March 7, 2008.
24 **8.    DISCOVERY:**
25 The parties agree to the limitations set forth in the Federal Rules of Civil Procedure.
26 Specifically, the parties propose that there should be ten depositions per side pursuant to F.R.C.P.
27 30 (a)(2)(a) and a limit of 25 interrogatories per party pursuant to F.R.C.P. 33(a). The parties
28 propose a limit of 30 requests for admission per side excluding requests relating to authenticity of

7

documents. The parties propose that privileged and work product materials associated with the parties' litigation counsel need not be logged. The parties propose the following "clawback" agreement and requests that the Court include this agreement in the CMC Order:

> The inadvertent disclosure of any document which is subject to a legitimate claim that the document should have been withheld from disclosure as Protected Material shall NOT waive any privilege or other applicable protective doctrine for that document or for the subject matter of the inadvertently disclosed document if the producing party, upon becoming aware of the disclosure, promptly requests its return and takes reasonable precautions to avoid such inadvertent disclosure. Except in the event that the requesting party disputes the claim, any documents which the producing party deems to contain inadvertently disclosed Protected Material shall be, upon written request, promptly returned to the producing party or destroyed at the producing party's option. This includes all copies, electronic or otherwise, of any such documents. In the event that the producing party requests destruction, the requesting party shall provide written certification of compliance within thirty (30) days of such written request. In the event that the requesting party disputes the producing party's claim as to the protected nature of the inadvertently disclosed material, a single set of copies may be sequestered and retained by and under the control of requesting party for the sole purpose of seeking court determination of the issue pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). Any such Protected Material inadvertently disclosed by the producing party to the requesting party pursuant to this Agreement, shall be and remain the property of the producing property. To the extent there may be inconsistency between this agreement, Federal Rule of Civil Procedure 26(b)(5) and the accompanying Committee Note, Rule 26(b)(5)(B) and the Committee Note shall control.

The parties' proposed discovery schedule is included in the Schedule below in Section 17.

**9.    CLASS ACTIONS:**

The present litigation is not a class action, and this sub-section is therefore not applicable.

**10.    RELATED CASES:**

The parties are not aware of any cases related to this litigation.

**11.    RELIEF:**

Cypress contends as follows:

Cypress seeks injunctive relief, an accounting, compensatory damages, disgorgement of profits, constructive trust, restitution, punitive and/or treble damages, attorneys' fees, pre-judgment and post-judgment interest, and such other relief as the Court deems just and equitable.

Defendants contend as follows:

Defendants do not seek damages in this case.

///

**12.  SETTLEMENT AND ADR:**

The parties have agreed to private mediation.

**13.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to have a Magistrate Judge conduct all further proceedings including trial and entry of judgment.

**14.  OTHER REFERENCES:**

The parties contend that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.  NARROWING OF ISSUES**

Cypress contends as follows:

Cypress contends the issues in this action could be narrowed if Defendants: (1) identify what Cypress data and documents were/are retained by Defendants and were/are in Defendants' possession; (2) identify how Defendants have used Cypress' data and documents; and (3) return Cypress' data and documents to Cypress.  Defendants have knowingly been in possession of Cypress' property since at least January 2007, and have failed to do any of the above.

Despite Defendants' contention that the issues in this action could be narrowed if Plaintiff identifies its trade secrets, Defendants' discovery request is premature.  Moreover, an identification of Cypress' trade secrets is not required under the Federal Rules of Civil Procedure. See *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 WL 273949 (E.D. Cal. 2007) (recognizing that Federal Rule of Civil Procedure 26 controls discovery in federal cases, and that the application of California Code of Civil Procedure § 2019—a state discovery statute—would serve to improperly append an additional discovery requirement to the federal rules).

Defendants contend as follows:

The issues in this case could be significantly narrowed if Plaintiff informed Defendants of the specific "trade secrets" or other information they contend Defendants have misappropriated.

**16.  EXPEDITED SCHEDULING**

Not applicable.

///

**17. SCHEDULING**

The parties propose the following Schedule:

| EVENT | SUGGESTED DATE |
|---|---|
| Deadline for Initial Disclosures | March 7, 2008 |
| Last Day to Amend Pleadings by Adding New Claims or New Parties | May 7, 2008 |
| Close of Fact Discovery | January 30, 2009 |
| Last Day to serve Expert Disclosures pursuant to F.R.C.P. 26(a)(2) | March 1, 2009 |
| Close of Expert Discovery | May 1, 2009 |
| Last Day to File Dispositive Motions | April 15, 2009 |
| Last Day to File Pretrial Disclosures pursuant to F.R.C.P. 26(a)(3)(c) | June 30, 2009 |
| Pretrial Conference | June 30, 2009 |
| Trial | July 20, 2009 |

**18. TRIAL**

The parties propose that this case be tried to a jury with an expected length of trial of 7 court days, with each side to have equal time.

**19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

The parties have filed the "Certification of Interested Entities or Persons" pursuant to L.R. 3-16 and have no additional interests to report.

**20. OTHER MATTERS TO EXPEDITE CASE**

Cypress contends as follows:

Cypress contends this action could be expedited if Defendants: (1) identify what Cypress data and documents were/are retained by Schmitt and were/are in Defendants' possession; (2) identify how Defendants have used Cypress' data and documents; and (3) return Cypress' data and documents to Cypress. Defendants have knowingly been in possession of Cypress' property since at least January 2007, and have failed to do any of the above.

Cypress further contends that Defendants' pre-discovery request for identification of

1  Cypress' trade secrets is premature, inappropriate, and not required under the Federal Rules of
2  Civil Procedure.  See *Funcat Leisure Craft, Inc. v. Johnson Outdoors, Inc.*, 2007 WL 273949
3  (E.D. Cal. 2007).  For more than 14 months, and without requiring an identification of Cypress's
4  trade secrets, Defendants have been in a position to identify and return Cypress' data and
5  documents in its possession, but have instead concealed their possession.
6  <u>Defendants contend as follows</u>:
7       Defendants contend that resolution of this case could be expedited if Cypress were to
8  disclose with particularity what "trade secrets" it contends have been misappropriated, and the
9  specific source of such information.

Dated:  March 7, 2008					PAUL, HASTINGS, JANOFSKY & WALKER, LLP


						/s/
						Bradford K. Newman
						Attorneys for Plaintiff Cypress Semiconductor
						Corporation


Dated:  March 7, 2008					BERGESON, LLP


						/s/
						Ina Stangenes
						Attorneys for Defendants Exar Corporation
						and Sipex Corporation


Dated:  March 7, 2008					RUBY & SCHOFIELD


						/s/
						Allen Ruby
						Attorneys for Defendant Ralph Schmitt